IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVOL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: _____ |
| | ) | |
| ETHICON, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Davol, Inc. ("Davol"), for its Complaint against Defendant Ethicon, Inc. ("Ethicon"), hereby alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for patent infringement pursuant to the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

### THE PARTIES

2. Plaintiff Davol is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 100 Crossings Blvd., Warwick, Rhode Island, 02886.

3. On information and belief, Defendant Ethicon is a corporation duly organized and existing under the laws of the State of New Jersey, with its principal place of business at U.S. Route 22 West, Somerville, New Jersey, 08876. On information and belief, Ethicon manufactures and sells medical products in the United States and abroad, including in this District.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement arising from Ethicon's manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of hernia repair products, including at least the PROCEED™ Ventral Patch product, that infringe United States Patent Nos. 7,785,334 ("the '334 patent") and 7,806,905 ("the '905 patent") (collectively, "patents-in-suit").

5. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Ethicon because Ethicon has sold its infringing hernia repair products, including at least the PROCEED™ Ventral Patch product, throughout the United States, including in this District. Venue properly lies in this District under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I - INFRINGEMENT OF THE '334 PATENT

7. Davol incorporates herein by reference the allegations in paragraphs 1 through 6 above as though fully set forth herein.

8. The United States Patent and Trademark Office duly and legally issued the '334 patent, titled "Implantable Prosthesis," on August 31, 2010. A true and correct copy of the '334 patent is attached as Exhibit A.

9. The '334 patent has been assigned to Davol. Davol owns the '334 patent and has all rights to sue and recover for infringement of the '334 patent.

10. The '334 patent is valid and enforceable.

11. On information and belief, Ethicon has infringed and continues to infringe the '334 patent by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, hernia repair products, including at least the PROCEED™ Ventral Patch product.

12. Ethicon's infringement is causing damage and irreparable injury to Davol, and Davol will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

13. Davol is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

### COUNT II - INFRINGEMENT OF THE '905 PATENT

14. Davol incorporates herein by reference the allegations in paragraphs 1 through 6 above as though fully set forth herein.

15. The United States Patent and Trademark Office duly and legally issued the '905 patent, titled "Implantable Prosthesis," on October 5, 2010. A true and correct copy of the '905 patent is attached as Exhibit B.

16. The '905 patent has been assigned to Davol. Davol owns the '905 patent and has all rights to sue and recover for infringement of the '905 patent.

17. The '905 patent is valid and enforceable.

18. On information and belief, Ethicon has knowingly induced, and is knowingly inducing, its customers' direct infringement of the '905 patent by, with knowledge of the '905 patent, marketing and distributing hernia repair products, including at least the PROCEED™ Ventral Patch product, with instructions to its customers to use those products to perform the methods claimed in the '905 patent. On information and belief, Ethicon's customers

have directly infringed, and are directly infringing, the '905 patent by following Ethicon's instructions to use Ethicon's hernia repair products, including at least the PROCEED™ Ventral Patch product, to practice the methods claimed in the '905 patent. Ethicon has knowledge of the '905 patent at least by virtue of this complaint. Furthermore, on information and belief, Ethicon had knowledge of the '905 patent before the filing of this suit, as evidenced at least by Ethicon's February 8, 2008 citation of the international publication of the parent application of the '334 patent, WO/2004/012627, during prosecution of Ethicon's U.S. Patent Application No. 11/904,200 ("the '200 application"); the examiner's subsequent October 14, 2010 rejection of the '200 application due, in part, to the disclosure of U.S. Patent Publication No. 2004/0087980, the corresponding U.S. Patent Publication to WO/2004/012627; the international search report for the PCT counterpart to the '200 application, PCT/US2008/076496, sent to Ethicon on January 1, 2009, citing the published application for the '334 patent, U.S. Patent Publication No. 2006/282105, as well as U.S. Patent Publication No. 2004/0087980; and the citation of U.S. Patent Publication No. 2006/282105 in a March 26, 2010 Written Opinion of the International Search Authority with respect to Ethicon's PCT/US2008/076496. On information and belief, Ethicon subsequently monitored the application for the '334 patent and thereby became aware of, and monitored, the application for the '905 patent, which is a continuation of the '334 patent. On information and belief, Ethicon thereby became aware of the '905 patent when it issued.

19. Ethicon's infringement is causing damage and irreparable injury to Davol, and Davol will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

20. Davol is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## PRAYER FOR RELIEF

WHEREFORE, Davol prays for judgment as follows:

a. That Ethicon has infringed each of the patents-in-suit;

b. That, in accordance with 35 U.S.C. § 283, Ethicon, and all affiliates, employees, agents, officers, directors, attorneys, successors and assigns, and all those acting on behalf of or in active concert or participation with any of them, be preliminarily and permanently enjoined from infringing the patents-in-suit;

c. For an award of damages sufficient to compensate Davol for Ethicon's infringement of the patents-in-suit;

d. For an award of prejudgment and post-judgment interest;

e. For a declaration that this case is "exceptional" under 35 U.S.C. § 285, and an award to Davol of its reasonable attorneys' fees, expenses, and costs incurred in this action; and

f. For such other and further relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Davol demands a jury trial of all issues triable to a jury in this action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com

OF COUNSEL

Steven C. Cherny
Benjamin A. Lasky
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

July 20, 2012

*Attorneys for Plaintiff Davol, Inc.*